Prob 12
(Rev. 3/88)

# UNITED STATES DISTRICT COURT
## For The
## WESTERN DISTRICT OF PENNSYLVANIA

U.S.A. vs. KEVIN HENRY                                    Docket No. 01-00004-001 ERIE

### Petition on Supervised Release

COMES NOW Theodore W. Johnson, CHIEF PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of KEVIN HENRY, who was placed on supervision by the Honorable Maurice B. Cohill, Jr., sitting in the Court at Erie, Pennsylvania, on the 5th day of December 2001, who fixed the period of supervision at three years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

- The defendant shall not commit another federal, state, or local crime.
- The defendant shall not illegally possess a controlled substance.
- The defendant shall be prohibited from possessing a firearm or destructive device.
- The defendant shall refrain from the unlawful use of a controlled substance.
- The defendant shall participate in a program of testing and, if necessary, treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer. Further, the defendant shall be required to contribute to the cost of services for any such treatment in an amount determined by the probation officer but not to exceed the actual costs. The defendant shall submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter.
- The defendant shall pay a special assessment of $100.

12-05-01:   Possess With Intent to Distribute Less Than 5 Grams of Cocaine Base; 37 months' custody of the Bureau of Prisons, followed by 3 years' supervised release.
10-15-04:   Released to supervision; Currently supervised by U.S. Probation Officer David J. Conde.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:**

Your Petitioner reports that the releasee has violated the following conditions of his supervised release:

**The defendant shall report to the probation officer and shall submit a truthful and complete written monthly report within the first five days of each month.**

The Probation Office is advising the Court that, at this time, the whereabouts of Kevin Henry are unknown. The last personal contact with Henry by the Probation Office was on November 30, 2006, at which time he reported that he was residing with his father. Henry was instructed to report to the Probation Office on December 14, 2006. Henry failed to report on December 14, 2006, and on February 1, 2007, a notice to report was sent to Henry at his last known residence. The notice instructed him to report to the Probation Office on February 8, 2007. Henry failed to report. On February 27, 2007, the Probation Office made a personal contact with Henry's father at the last known residence. The Probation Office was advised that Henry was still residing there, but he was not home at the time. A written message was left with Henry's father instructing him to report to the Probation Office on March 1, 2007. Henry failed to report. On March 15, 2007, a notice to report was sent to the last known address, and the notice instructed Henry to report on March 22, 2007. The notice was sent regular and certified mail, and the certified return receipt was returned accepted by a resident of the last known address. Henry failed to report. In addition, on March 16, 2007, contact was made with Joleen Quirk, the mother of Henry's daughter. She indicated that she has had contact with him, and she would tell Henry that he needed to report to the Probation Office. She was made aware of the March 22, 2007, scheduled appointment. She added that Henry had no known cellular telephone number, and he was still residing in the Erie, Pennsylvania, area.

U.S.A. vs. KEVIN HENRY
Docket No. 01-00004-001 ERIE
Page 2

**The defendant shall report to the probation officer and shall submit a truthful and complete written monthly report within the first five days of each month.**

**The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**

**The defendant shall notify the probation officer ten days prior to any change in residence or employment.**

Mr. Henry had reported, on his October 2006 written monthly report, that he had worked for Advance Placement Services that month. On March 26, 2007, the Probation Office contacted Advance Placement Services and was advised that Henry had not been employed through their agency since January 2006. Henry reported, on written monthly reports for the months of January 2006 through March 2006 and again from June 2006 through October 2006, that he was employed by this company. In addition, Henry was questioned by the Probation Office during regular office meetings if he was employed, and he indicated that he was when, in fact, he was not. Therefore, Henry has provided seven false written monthly reports, failed to report a change in his employment status, and answered untruthfully to inquiries made by the Probation Office.

PRAYING THAT THE COURT WILL ORDER that a bench warrant be issued for the arrest of the supervised releasee for alleged violation of supervision and that bond be set at $ _____.

ORDER OF COURT

Considered and ordered this _____ day of _____, 20 ____ and ordered filed and made a part of the records in the above case.

_____
Senior U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on         03-30-07

_____
David J. Conde
U.S. Probation Officer

_____
Gerald R. Buban
Supervising U.S. Probation Officer

Place:    Erie, PA